# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IGOR VLADIMIR ASLAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-cv-3185 |
| ) | |
| UNITED STATES DEPARTMENT OF ) | Judge Sharon Johnson Coleman |
| HOMELAND SECURITY, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Igor Vladimir Aslan, ("Aslan") filed a complaint against the United States Department of Homeland Security ("DHS"), asking this Court to adjust Aslan's immigration status. DHS moves to dismiss the complaint under Rules 12(b)(1) and 12(b)(6). After reviewing the complaint and plaintiff's documents and considering the oral presentations allowed the parties, the Court grants the motion.

**Background**

The following facts taken from the Complaint are accepted as true for purposes of ruling on the motion to dismiss now before the Court. In 1994, Aslan requested and was denied asylum. Dkt. 8 at 4. He was convicted of a theft crime and then ordered deported. *Id.* Although Aslan maintains his native country is Moldova, Moldova would not recognize his citizenship, so he was deported to Ukraine. *Id.* Ukraine would not accept Aslan, so he was sent back to the United States and incarcerated for around 8 years. *Id.* He was then released from custody and placed under DHS supervision. *Id.* at 5. Despite requests for its return, Aslan claims his personal property, which he alleges was confiscated by DHS when it attempted to deport him, has been never recovered. *Id.*

**Legal Standard**

A complaint will survive a motion to dismiss under Rule 12(b)(6) if its well-pleaded facts when accepted as true and viewed in the light most favorable to the plaintiff state a plausible claim for which relief can be granted. *Peters v. West*, 692 F.3d 629, 632 (7th Cir. 2012). Complaints filed by pro se plaintiffs must be construed liberally and are held to a less stringent standard than pleadings drafted by lawyers. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

When faced with a motion to dismiss under Rule 12 (b) (1), the plaintiff bears the burden of demonstrating that jurisdiction exists. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 589 (7th Cir. 2014). "On a motion to dismiss for lack of subject matter jurisdiction, the court is not bound to accept the truth of the allegations in the complaint, but may look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt." *Bastien v. AT & T Wireless Servs., Inc.*, 205 F.3d 983, 990 (7th Cir. 2000). A court must dismiss any action which lacks subject matter jurisdiction. Fed. R. Civ. P. 12 (h) (3).

**Discussion**

DHS asserts Aslan's claims should be dismissed because his "immigration status does not create a claim over which the court has jurisdiction or the power to grant relief." Dkt. 13 at 2. DHS is correct that this Court is without the power to grant Aslan the relief he requests.

In his complaint, Aslan requested this Court order DHS to "clarify his politic [sic] status." Dkt. 8 at 5. At oral argument, Aslan clarified that the relief he requests is a grant of asylum or some other lawful permanent immigration status. This Court is without the power to provide him such relief. To the extent Aslan challenges the validity of his removal order, the appropriate court of appeals is the "sole and exclusive means for judicial review." 8 U.S.C §1252 (a) (5). To the extent Aslan seeks cancellation of the removal order and adjustment of his status, the power to grant such relief in the first instance is vested exclusively with the Attorney General. 8 U.S.C § 1229b. Furthermore, judicial

review of a denial of adjustment is limited in scope and available only in a court of appeals. 8 U.S.C. § 1252 (a) (2). Because the Court cannot grant the relief requested, the complaint must be dismissed pursuant to Rule 12 (b) (6).

**Conclusion**

For the foregoing reasons, Defendant's motion to dismiss [13] is granted and Plaintiff's complaint is dismissed with prejudice.

IT IS SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Judge

DATED: October 20, 2015